UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-60142-RAR-3

**UNITED STATES OF AMERICA**,

vs.

**ANNEL ANTONIO CARRERA**,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION

**THIS CAUSE** comes before the Court on Defendant Annel Carrera's Motion to Reduce Sentence Based on Retroactive Application of Amendment 821 ("Motion"), [ECF No. 130]. The Court having carefully reviewed the Motion; the United States' Response in Opposition ("Response"), [ECF No. 133]; Defendant's Reply in Support, [ECF No. 134]; the record; and being otherwise fully advised, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED** as set forth herein.

Defendant's Motion seeks a sentence reduction pursuant to the United States Sentencing Commission's recently promulgated Amendment 821, which mandates a retroactive, two-level reduction to the offense levels for certain qualifying, low-level, non-violent offenders with minimal criminal histories. *See* U.S.S.G. § 4C1.1. But here, although Defendant qualifies for the zero-point offender adjustment, the Court finds the 18 U.S.C. § 3553(a) factors militate against further reduction of Defendant's sentence.

On October 12, 2022, Defendant pleaded guilty to conspiracy to import five (5) kilograms or more of cocaine in violation of 21 U.S.C. § 963 (Count 1); importation of five (5) kilograms or more of cocaine in violation of 21 U.S.C. § 952(a) (Count 2); conspiracy to possess with intent to

distribute five (5) kilograms or more of cocaine in violation of 21 U.S.C. § 846 (Count 3); and attempted possession with intent to distribute five (5) kilograms or more of cocaine in violation of 21 U.S.C. § 846 (Count 4). [ECF Nos. 38–39]. As part of his plea agreement, Defendant also signed a factual proffer stipulating that he was directly involved in a drug smuggling operation that had shipped or attempted to ship two containers via Port Everglades—one containing (73) kilograms of cocaine and one containing seventy-two (72) kilograms of cocaine—from the Dominican Republic into the United States to its final destination—a warehouse associated with the company Carrera Produce and owned by Defendant. *See* Carrera Factual Proffer ("Proffer"), [ECF No. 40] at 1–4. Defendant also stipulated that when he was arrested—at the warehouse he owned—law enforcement also recovered a loaded handgun along with $300,000 in U.S. currency from Defendant's vehicle. Proffer at 4.

Notably, at sentencing on February 15, 2023, the Court found that Defendant qualified for safety valve relief under § 5C1.2 and accordingly applied a two-level reduction pursuant to § 2D1.1(b)(18), setting the Defendant's adjusted offense level at 31 with a criminal history category of I and yielding a sentencing guideline range of 108 to 135 months' imprisonment. *See* [ECF No. 86] at 45:1–45:21. The Court also determined that the gun found in Defendant's vehicle had not been used in connection with drug activity and accordingly did not disqualify Defendant from safety valve relief. [ECF No. 86] at 44:11–44:16. The Court accordingly varied downward and imposed a sentence of 96 months' imprisonment with five years' supervised release—a sentence 12 months below the low end of Defendant's sentencing guidelines range. [ECF Nos. 71–72].

## **LEGAL STANDARD**

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v.*

*Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on an original sentencing range that appears to have been subsequently lowered by the Sentencing Commission. *See Dillon v. United States*, 560 U.S. 817, 825–26 (2010). First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. *See United States v. Barbieri*, No. 18-20060, 2023 WL 8472741, at *2 (S.D. Fla. Dec. 6, 2023). Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence. *Id.*

As to step one, the applicable Sentencing Commission policy statement here provides that a court "*shall not* reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). After determining a defendant is eligible for relief under § 3582(c)(2), the Court must then proceed to step two, in which the Court determines whether to exercise its discretion to reduce that defendant's sentence after considering the § 3553(a) factors, *Dillon*, 560 U.S. at 826–27, and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment[.]" U.S.S.G. § 1B1.10 cmt. n.1(B). The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and

characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

## ANALYSIS

Carrera seeks relief pursuant to Amendment 821—the recently added adjustment for certain zero-point offenders. A defendant is eligible for a two-level reduction in his offense level under Amendment 821 if he meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

 (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

 (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

 (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

*See* U.S.S.G. § 4C1.1.

But as noted above, courts cannot "reduce [a] defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A); *see also United States v. Llanos Cortes*, No. 19-20220, 2023 WL 8372815, at *3 (S.D. Fla. Dec. 4, 2023) (denying application of Amendment 821 "[b]ecause the Court's judgment imposed a sentence of 100 months, which is below the new guideline range" and therefore the Court was "precluded by the applicable policy statement from reducing [defendant's] sentence pursuant to § 3582(c)(2)." (citing U.S.S.G. § 1B1.10(b)(2)(A))); *Dillon*, 560 U.S. at 827 ("Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized.").

 Here, both the Government and Defendant's counsel agree that Mr. Carrera meets U.S.S.G. § 4C1.1's ten criteria. Resp. at 5; Reply at 1. The parties disagree, however, as to whether a sentence reduction is warranted. Defendant's counsel argues that, were the Court to apply the zero-point offender reduction, Defendant's offense level would drop to 29 with a criminal history category of I, resulting in an adjusted guidelines range of 87 to 108 months' imprisonment. Mot. at 3. Defendant's adjusted guidelines calculation is correct, though the initial Motion's request for a reduction to 75 months is improper. But Defendant's Reply corrects the Motion's initial mistake and acknowledges that the Court is only authorized to reduce Defendant's sentence to 87 months

and not less, *see generally* Reply, which would be the low end of the adjusted guidelines range were the Court to apply the zero-point offender reduction, *see* U.S.S.G. § 1B1.10(b)(2)(A) (stating courts "*shall not* reduce [a] defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]").[1]

The Government, on the other hand, argues that Defendant's sentence cannot be lowered at all, apparently because Defendant's Motion impermissibly requests a reduction to 75 months. Resp. at 6 ("[Defendant's request] is not allowed because such a sentence would be lower than the low end of the defendant's amended advisory guideline range . . . and this Court already sentenced the defendant at the lower end of the amended advisory guideline range."). The Government's Response in Opposition is insufficiently briefed. For one, the Government's claim that the Court already sentenced Defendant to the lower end of the adjusted guidelines range is demonstrably false. As noted above, were the Court to apply the zero-point reduction here, the adjusted guidelines range would be 87–108 months. And Defendant received a sentence of 96 months—a sentence that falls essentially in the middle of the adjusted range were the Court to apply the two-point reduction. Accordingly, the Court is well within its authority to reduce Defendant's sentence as low as 87 months, a modified sentence that would fall at the low end of the adjusted guidelines

---

[1] Although there is a narrow exception to this general rule, it does not apply here. "If the term of the imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B). This "comparably less" exception, however, applies to defendants who cooperated with the government and received a sentence reduction under either U.S.S.G. 5K1.1 or Rule 35(b). *See United States v. Colon*, 707 F.3d 1255, 1259 (11th Cir. 2013) (explaining that when "the Commission amended § 1B1.10(b)(2)," it "prohibit[ed] § 3582(c)(2) reductions below a prisoner's amended guidelines range, unless the original sentence had been below the applicable guidelines range because of a reduction based upon the defendant's substantial assistance to authorities."); *see also United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1335–36 (11th Cir. 2017) (same). Here, Carrera did not provide any substantial assistance to the government and there is no "government motion to reflect the defendant's substantial assistance to authorities[.]" U.S.S.G. § 1B1.10(b)(2)(B). Thus, Carrera is ineligible for a sentence reduction below 87 months, the low end of the adjusted guidelines range after applying the zero-point offender reduction.

range after applying the reduction. The Government's Response altogether fails to address this issue.

Second, and just as concerning, the Government's Response wholly fails to address the § 3553(a) factors and whether they counsel for or against a sentence reduction to 87 months. The Government is reminded of its obligation to present fully briefed and good faith opposition to a well-taken motion for sentence reduction, which mandates an analysis of the § 3553(a) factors—especially when a defendant qualifies for a sentence reduction. In any event, the Court has engaged in its own independent analysis, and finds that although Defendant Carrera meets each of § 4C1.1's ten criteria, the § 3553(a) factors militate against reduction of his sentence to 87 months.

Specifically, the Court finds the nature and circumstances of the offense here—namely, Defendant's direct ownership of the warehouse and company that arranged to ship the cocaine and his central involvement in an international drug smuggling conspiracy that successfully moved a significant amount of cocaine into the country through Port Everglades, *see generally* Proffer—demonstrates a high level of criminal intent, planning and determination, and posed significant risk to the community. The Court also notes that the Defendant here narrowly avoided a 10-year minimum mandatory sentence via § 5C1.2's safety valve provision because the Court exercised its discretion to find that the firearm recovered from his vehicle had not been used in connection with a drug trafficking crime. Accordingly, the Defendant also received the benefit of the two-point safety valve offense level reduction pursuant to § 2D1.1(b)(18).

In sum, after considering the seriousness of the drug distribution operation, and the relevant § 3553(a) factors, the Court finds that a sentence of 96 months appropriately reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, and affords adequate specific and general deterrence to serious criminal conduct of this nature.

Accordingly, Defendant's Motion, [ECF No. 130], is **DENIED.**

**DONE AND ORDERED** in Miami, Florida, this 12th day of March, 2024.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**